UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CINDY U'REN,<br><br>            Plaintiff,<br><br>     v.<br><br>CAROLYN W. COLVIN, Commissioner of Social Security, [1]<br><br>            Defendant. | Case No. 3:13-cv-05585-RJB-KLS<br><br>REPORT AND RECOMMENDATION<br><br>Noted for August 1, 2014 |

Plaintiff has brought this matter for judicial review of defendant's denial of her application for disability insurance benefits.  This matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule MJR 4(a)(4) and as authorized by Mathews, Secretary of H.E.W. v. Weber, 423 U.S. 261 (1976).  After reviewing the parties' briefs and the remaining record, the undersigned submits the following Report and Recommendation for the Court's review, recommending that for the reasons set forth below, defendant's decision to deny benefits should be reversed and this matter should be remanded for further proceedings.

FACTUAL AND PROCEDURAL HISTORY

On May 3, 2010, plaintiff filed an application for disability insurance benefits, alleging disability as of October 5, 2005, due to migraine headaches, insomnia, and fibromyalgia. See

---

[1] On February 14, 2013, Carolyn W. Colvin became the Acting Commissioner of the Social Security Administration.  Therefore, under Federal Rule of Civil Procedure 25(d)(1), Carolyn W. Colvin is substituted for Commissioner Michael J. Astrue as the Defendant in this suit.  **The Clerk of Court is directed to update the docket accordingly.**

REPORT AND RECOMMENDATION - 1

Administrative Record ("AR") 155-56, 169.  The application was denied upon initial administrative review and on reconsideration.  See AR 102-04, 112-16.  A hearing was held before an administrative law judge ("ALJ") on January 26, 2012, at which plaintiff, represented by counsel, appeared and testified, as did vocational expert, Jenipher Gaffney.  See AR 45-96.

On February 10, 2012, the ALJ issued a decision in which plaintiff was determined to be not disabled.  See AR 7-26.  Plaintiff's request for review of the ALJ's decision was denied by the Appeals Council on May 17, 2013, making the ALJ's decision defendant's final decision.  See AR 1-4; see also 20 C.F.R. § 404.981, § 416.1481.  On July 18, 2013, plaintiff filed a complaint in this Court seeking judicial review of the ALJ's decision.  See Dkt. #1.  The administrative record was filed with the Court on December 20, 2013.  See Dkt. #9.  The parties have completed their briefing, and thus this matter is now ripe for judicial review and a decision by the Court.

Plaintiff argues the ALJ's decision should be reversed and remanded to defendant for further proceedings, because the ALJ erred: (1) in evaluating the medical evidence in the record; (2) in discounting plaintiff's credibility; (3) in failing to obtain medical expert testimony; (4) in assessing plaintiff's residual functional capacity; (5) in finding her to be capable of returning to her past relevant work; and (6) in finding her to be capable of performing other jobs existing in significant numbers in the national economy.  The undersigned agrees the ALJ erred in determining plaintiff to be not disabled, but, for the reasons set forth below, recommends that while defendant's decision should be reversed, this matter should be remanded for further administrative proceedings.

## DISCUSSION

The determination of the Commissioner of Social Security (the "Commissioner") that a

REPORT AND RECOMMENDATION - 2

claimant is not disabled must be upheld by the Court, if the "proper legal standards" have been applied by the Commissioner, and the "substantial evidence in the record as a whole supports" that determination. Hoffman v. Heckler, 785 F.2d 1423, 1425 (9th Cir. 1986); see also Batson v. Commissioner of Social Security Admin., 359 F.3d 1190, 1193 (9th Cir. 2004); Carr v. Sullivan, 772 F.Supp. 522, 525 (E.D. Wash. 1991) ("A decision supported by substantial evidence will, nevertheless, be set aside if the proper legal standards were not applied in weighing the evidence and making the decision.") (citing Brawner v. Secretary of Health and Human Services, 839 F.2d 432, 433 (9th Cir. 1987)).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (citation omitted); see also Batson, 359 F.3d at 1193 ("[T]he Commissioner's findings are upheld if supported by inferences reasonably drawn from the record."). "The substantial evidence test requires that the reviewing court determine" whether the Commissioner's decision is "supported by more than a scintilla of evidence, although less than a preponderance of the evidence is required." Sorenson v. Weinberger, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975). "If the evidence admits of more than one rational interpretation," the Commissioner's decision must be upheld. Allen v. Heckler, 749 F.2d 577, 579 (9th Cir. 1984) ("Where there is conflicting evidence sufficient to support either outcome, we must affirm the decision actually made.") (quoting Rhinehart v. Finch, 438 F.2d 920, 921 (9th Cir. 1971)). [2]

---

[2] As the Ninth Circuit has further explained:

> . . . It is immaterial that the evidence in a case would permit a different conclusion than that which the [Commissioner] reached.  If the [Commissioner]'s findings are supported by substantial evidence, the courts are required to accept them.  It is the function of the [Commissioner], and not the court's to resolve conflicts in the evidence.  While the court may not try the case de novo, neither may it abdicate its traditional function of review.  It must scrutinize the record as a whole to determine whether the [Commissioner]'s conclusions are rational.  If they are . . . they must be upheld.

REPORT AND RECOMMENDATION - 3

I.     The ALJ's Evaluation of the Medical Evidence in the Record

The ALJ is responsible for determining credibility and resolving ambiguities and conflicts in the medical evidence. See Reddick v. Chater, 157 F.3d 715, 722 (9th Cir. 1998). Where the medical evidence in the record is not conclusive, "questions of credibility and resolution of conflicts" are solely the functions of the ALJ. Sample v. Schweiker, 694 F.2d 639, 642 (9th Cir. 1982). In such cases, "the ALJ's conclusion must be upheld." Morgan v. Commissioner of the Social Sec. Admin., 169 F.3d 595, 601 (9th Cir. 1999). Determining whether inconsistencies in the medical evidence "are material (or are in fact inconsistencies at all) and whether certain factors are relevant to discount" the opinions of medical experts "falls within this responsibility." Id. at 603.

In resolving questions of credibility and conflicts in the evidence, an ALJ's findings "must be supported by specific, cogent reasons." Reddick, 157 F.3d at 725. The ALJ can do this "by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." Id. The ALJ also may draw inferences "logically flowing from the evidence." Sample, 694 F.2d at 642. Further, the Court itself may draw "specific and legitimate inferences from the ALJ's opinion." Magallanes v. Bowen, 881 F.2d 747, 755, (9th Cir. 1989).

Pursuant to the relevant federal regulations, in addition to "acceptable medical sources," that is, sources "who can provide evidence to establish an impairment," 20 C.F.R. § 404.1513 (a), there are "other sources" such as nurse practitioners, therapists and chiropractors, who are

Sorenson, 514 F.2d at 1119 n.10.

REPORT AND RECOMMENDATION - 4

considered other medical sources[3], see 20 C.F.R. § 404.1513 (d). See also Turner v. Comm'r of Soc. Sec., 613 F.3d 1217, 1223-24 (9th Cir. 2010) (citing 20 C.F.R. § 404.1513(a), (d)); Social Security Ruling "SSR" 06-3p, 2006 SSR LEXIS 5 at *4-*5, 2006 WL 2329939. An ALJ may disregard opinion evidence provided by "other sources," characterized by the Ninth Circuit as lay testimony, "if the ALJ 'gives reasons germane to each witness for doing so." Turner, supra, 613 F.3d at 1224 (quoting Lewis v. Apfel, 236 F.3d 503, 511 (9th Cir. 2001)); see also Van Nguyen v. Chater, 100 F.3d 1462, 1467 (9th Cir. 1996). This is because in determining whether or not "a claimant is disabled, an ALJ must consider lay witness testimony concerning a claimant's ability to work." Stout v. Commissioner, Social Security Administration, 454 F.3d 1050, 1053 (9th Cir. 2006) (citing Dodrill v. Shalala, 12 F.3d 915, 919 (9th Cir. 1993); 20 C.F.R. §§ 404.1513(d)(4) and (e), 416.913(d)(4) and (e)).

Morgan Powell, ARNP, completed a Medical Source Statement regarding plaintiff on January 24, 2012. AR 445-46. Ms. Powell opined that plaintiff's impairments would limit her to standing and walking as well as sitting for less than one hour per day in an eight hour work day. AR 446. She also opined plaintiff would be limited to occasionally carrying ten pounds and would never be able to squat or climb. Id. The ALJ gave this opinion little weight "as it is not supported by the medical record as a whole, and appears at least in part to be based on the claimant's subjective complaints." AR 18. Plaintiff argues these were not legally sufficient reasons to discredit the opinion. See Dkt. #13, pp. 8. This Court agrees.

The Ninth Circuit has characterized lay witness testimony as "competent evidence," noting that an ALJ may not discredit "lay testimony as not supported by medical evidence in the

---

[3] "Other sources" specifically delineated in the relevant federal regulations also include "educational personnel," see 20 C.F.R. § 404.1513(d)(2), and public and private "social welfare agency personnel," see 20 C.F.R. § 404.1513(d)(3).

REPORT AND RECOMMENDATION - 5

record." Bruce v. Astrue, 557 F.3d 1113, 1116 (9th Cir. 2009) (citing Smolen v. Chater, 80 F.3d 1273, 1289 (9th Cir. 1996)). Similar to the rationale that an ALJ may not discredit a plaintiff's testimony as not supported by objective medical evidence once evidence demonstrating an impairment has been provided, Bunnell v. Sullivan, 947 F.2d 341, 343, 346-47 (9th Cir. 1991) (en banc) (citing Cotton, supra, 799 F.2d at 1407), but may discredit a plaintiff's testimony when it contradicts evidence in the medical record, *see Johnson v. Shalala,* 60 F.3d 1428, 1434 (9th Cir. 1995); see also Rollins v. Massanari, 261 F.3d 853, 857 (9th Cir. 2001); Smolen, supra, 80 F.3d at 1284, an ALJ may discredit lay testimony if it conflicts with medical evidence, even though it cannot be rejected as unsupported by the medical evidence. See Lewis v. Apfel, 236 F.3d 503, 511 (9th Cir. 2001) (An ALJ may discount lay testimony that "conflicts with medical evidence") (citing Vincent v. Heckler, 739 F.2d 1393, 1395 (9th Cir. 1984); Baylis v. Barnhart, 427 F.3d 1244. 1218 (9th Cir. 2005) ("Inconsistency with medical evidence" is a germane reason for discrediting lay testimony) (citing Lewis, supra, 236 F.3d at 511); see also Wobbe v. Colvin, 2013 U.S. Dist. LEXIS 111325 at *21 n.4 (D. Or. 2013) (unpublished opinion) ("Bruce stands for the proposition that an ALJ cannot discount lay testimony regarding a claimant's symptoms solely because it is *unsupported* by the medical evidence in the record; it does *not* hold *inconsistency* with the medical evidence is not a germane reason to reject lay testimony") (citing Bruce, supra, 557 F.3d at 1116), adopted by Wobbe v. Colvin, 2013 U.S. Dist. LEXIS 110195 at *2 (D. Or. 2013) (unpublished opinion).  Thus, the ALJ's finding that Ms. Powell's opinion was usupported by the medical record as a whole was not a germane reason for discrediting Ms. Powell's opinion.

The ALJ also discredits Ms. Powell's opinion finding it based in part on plaintiff's subjective complaints.  AR 18.  Defendant correctly points out that "[a] physician's opinion of

REPORT AND RECOMMENDATION - 6

disability 'premised to a large extent upon the claimant's own accounts of his symptoms and limitations' may be disregarded where those complaints have been" discounted properly. Morgan, supra, 169 F.3d at 602 (quoting Fair v. Bowen, 885 F.2d 597, 605 (9th Cir. 1989) (citing Brawner v. Sec. HHS, 839 F.2d 432, 433-34 (9th Cir. 1988))). However, like all findings by the ALJ, a finding that a doctor's opinion is based largely on a claimant's own accounts of his symptoms and limitations must be based on substantial evidence in the record as a whole. See Bayliss v. Barnhart, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (citing Tidwell v. Apfel, 161 F.3d 599, 601 (9th Cir. 1999)). Ms. Powell was plaintiff's primary medical provider and had evaluated her multiple times prior to rendering her opinion. AR 446, 452, 252-326. Further, Ms. Powell noted laboratory findings as well as examination findings including atrophy, swelling, and joint spasms in support of her opinion. AR 445. The ALJ pointed to no support for his conclusion that the opinion was based to a large extent on subjective statements, and, in fact, only noted that the opinion appeared "at least in part" based on plaintiff's subjective complaints. AR 18. Thus, the ALJ's conclusion is not supported by substantial evidence and the ALJ failed to provide legally sufficient reason to discredit Ms. Powell's opinion.

The Ninth Circuit has "recognized that harmless error principles apply in the Social Security Act context." Molina v. Astrue, 674 F.3d 1104, 1115 (9th Cir. 2012) (citing Stout v. Commissioner, Social Security Administration, 454 F.3d 1050, 1054 (9th Cir. 2006) (collecting cases)). The court noted that "in each case we look at the record as a whole to determine [if] the error alters the outcome of the case." Molina, supra, 674 F.3d at 1115. The court also noted that the Ninth Circuit has "adhered to the general principle that an ALJ's error is harmless where it is 'inconsequential to the ultimate nondisability determination.'" Id. (quoting Carmickle v. Comm'r Soc. Sec. Admin., 533 F.3d 1155, 1162 (9th Cir. 2008)) (other citations omitted). The court

REPORT AND RECOMMENDATION - 7

noted the necessity to follow the rule that courts must review cases "'without regard to errors' that do not affect the parties' 'substantial rights.'" Id. at 1118 (quoting Shinsheki v. Sanders, 556 U.S. 396, 407 (2009) (*quoting* 28 U.S.C. § 2111) (codification of the harmless error rule)). Because Ms. Powell's opinion limited plaintiff to less than full time competitive work, had it been fully credited, the disability determination would likely change. As such, the ALJ's error was not harmless.

II.     This Matter Should Be Remanded for Further Administrative Proceedings

The Court may remand this case "either for additional evidence and findings or to award benefits." Smolen, 80 F.3d at 1292. Generally, when the Court reverses an ALJ's decision, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." Benecke v. Barnhart, 379 F.3d 587, 595 (9th Cir. 2004) (citations omitted). Thus, it is "the unusual case in which it is clear from the record that the claimant is unable to perform gainful employment in the national economy," that "remand for an immediate award of benefits is appropriate." Id.

Benefits may be awarded where "the record has been fully developed" and "further administrative proceedings would serve no useful purpose." Smolen, 80 F.3d at 1292; Holohan v. Massanari, 246 F.3d 1195, 1210 (9th Cir. 2001). Specifically, benefits should be awarded where:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting [the claimant's] evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

Smolen, 80 F.3d 1273 at 1292; McCartey v. Massanari, 298 F.3d 1072, 1076-77 (9th Cir. 2002).

REPORT AND RECOMMENDATION - 8

Because issues still remain in regard to the opinion evidence from Morgan Powell ARNP – including whether the ALJ would be required to adopt that evidence and what impact it would have on the ALJ's assessment of plaintiff's residual functional capacity and her ability to perform other work existing in significant numbers in the national economy – remand for further consideration of those issues is warranted.

## CONCLUSION

Based on the foregoing discussion, the undersigned recommends the Court find the ALJ improperly concluded plaintiff was not disabled.  Accordingly, the undersigned recommends as well that the Court reverse the ALJ's decision and remand this matter to defendant for further administrative proceedings in accordance with the findings contained herein.

Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 72(b), the parties shall have **fourteen (14) days** from service of this Report and Recommendation to file written objections thereto. See also Fed. R. Civ. P. 6.  Failure to file objections will result in a waiver of those objections for purposes of appeal. See Thomas v. Arn, 474 U.S. 140 (1985).  Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the clerk is directed set this matter for consideration on **August 1, 2014**, as noted in the caption.

DATED this 7th day of July, 2014.

Karen L. Strombom
United States Magistrate Judge

REPORT AND RECOMMENDATION - 9